UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

| | |
|---|---|
| TOSHAWN SIMS, | |
| Plaintiff, | Civil Action No. 09-63-WOB |
| vs. | |
| TERRY CARL, ET AL., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

***** ***** ***** *****

Plaintiff Toshawn Sims filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on May 15, 2009. [R. 2] On June 1, 2009, the Court granted Sims's motion to proceed *in forma pauperis.* [R. 5] On the same date the Court ordered the United States Marshals Office to serve summons upon the Defendants on Sims's behalf. [R. 6] That Order expressly advised Sims that he must "immediately advise the Covington Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case.**" [R. 6 at pg.3 (emphasis in original)] The record does not reflect that Sims has filed a change of address with the Court

On July 2, 2009, the Defendants filed a joint Motion to Dismiss the Complaint. [R. 4] In that motion, the Defendants argued that Sims's allegations, even if true, failed to state a constitutional claim, and that his release from the custody of the Kenton County Detention Center on June 24, 2009, had rendered moot any claim for injunctive relief, the only remedy discernibly requested in his Complaint. [R. 4] The Defendants' certificate of service indicates that they served their motion upon Sims at his home address rather than upon him at his address of record. On July 8, 2009, the Court entered an Order directing Sims to file a response to the motion within 20 days, upon peril of dismissal if he failed to do so. [R. 16] That Order was sent to Sims at his address of

record, and was subsequently returned as undeliverable. [R. 19]

The Court will dismiss Sims's Complaint for failure to comply with an Order of the Court and because he has waived any opposition to the Defendants' motion to dismiss. The Court's June 1, 2009, Order, which was sent to Sims at the Kenton County Detention Center while he still resided there, expressly advised him of the need to maintain current address information with the Court and that failure to do so could result in dismissal of his Complaint. Sims nonetheless failed to advise the Court of his change of address when he was released from custody on June 24, 2009. Although it appears that Sims did not receive the Court's Order directing him to file a response [R. 16], Sims was obligated to file a response without prompting from the Court, and the Defendants served Sims at his home address where he had been released subject to electronic monitoring, [R. 14 at pg. 3] and therefore possessed actual knowledge of the pending motion, yet failed to file any response. Under such circumstances, Sims is conclusively presumed to have waived any opposition to the Defendants' motion to dismiss the complaint. Their motion will therefore be granted. *Scott v. State of Tennessee*, 1989 WL 72470, at **2 (6th Cir. 1989) (unpublished disposition) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion [to dismiss], then the district court may deem the plaintiff to have waived opposition to the motion.")

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's Complaint [R. 2] is **DISMISSED WITH PREJUDICE**.

2. The Court will enter an appropriate Judgment.

This 30th day of July, 2009.



Signed By:
*William O. Bertelsman* WOB
**United States District Judge**